UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 18-cr-0114 (WMW/HB) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Ahmed Osman Farah (2), | |
| Defendant. | |

This matter is before the Court on Defendant Ahmed Osman Farah's objections to the trial continuance in this case and his "Motion for Revocation of Detention Order and to Reopen Detention Hearing." (Dkts. 110, 111, 112.)

In a March 5, 2019 Order, the Court granted Plaintiff United States of America's motion for a trial continuance and excluded from the Speedy Trial Act computations in this case the time between the March 5, 2019 Order and the May 6, 2019 rescheduled trial date. Farah's objections to the trial continuance are dated March 3, 2019, but they were not received by the Court until March 8, 2019. In his objections, Farah argues that the Government's case agent is not "unavailable" for Speedy Trial Act purposes, the United States has not been diligent and has acted in bad faith, and that his pretrial custody is "oppressive" and creates an "inherent prejudice" to his ability to prepare for trial.

The Court has carefully considered Farah's objections and is mindful that Farah opposes a trial delay and does not waive his right to a speedy trial. But under the Speedy Trial Act, certain specific exceptions warrant delaying a criminal trial and, as addressed in

the Court's March 5, 2019 Order, two of those exceptions warrant the delay that the Court granted here. *See* 18 U.S.C. § 3161(h)(3)(A), (7)(A). Farah's objections do not raise any factual or legal basis for amending the Court's March 5, 2019 Order. There is no indication that the Government has acted in bad faith, and the Government's case agent *is* unavailable for Speedy Trial Act purposes, for the reasons addressed in the Court's March 5, 2019 Order. Moreover, Farah's frustration with his ability to prepare for trial appears to be primarily based, not on the length of the delay, but instead on the difficulty of preparing for trial without assistance while in custody.[1] But Farah knowingly and voluntarily chose to proceed to trial pro se after being advised of the challenges that such a decision would create. These challenges do not undermine the Court's bases for granting a trial continuance. For these reasons, Farah's objections are overruled.

Farah also seeks a new detention hearing and revocation of his pretrial detention. The Court considered and denied Farah's prior two motions for pretrial release, and Farah's most recent motion provides no factual or legal basis for amending those prior decisions. Although Farah contends that his former attorney did not adequately present facts and arguments as to the proposed release of Farah to his sister's residence, the Court was apprised of those facts and arguments and rejected them when it denied Farah's prior motions. Moreover, as addressed above, Farah's difficulties in preparing for trial while in custody do not warrant pretrial release. Accordingly, Farah's motion is denied.

---

[1] In his objections Farah states that he would "be open to discussing a potential resolution of this issue by allowing a continuance that is reasonable if pre-trial release is granted" because it would "allow [Farah] to properly prepare for trial." This suggests that Farah's objections are directed primarily at his pretrial *detention* as opposed pretrial *delay*.

2

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Ahmed Osman Farah's objections to a trial continuance, (Dkts. 110, 111), are **OVERRULED**.

2. Defendant Ahmed Osman Farah's "Motion for Revocation of Detention Order and to Reopen Detention Hearing," (Dkt. 112), is **DENIED**.

Dated: March 15, 2019                s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge