UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 18-cr-0114 (WMW/HB) |
| Plaintiff, | **ORDER** |
| v. | |
| Ahmed Osman Farah (2), | |
| Defendant. | |

---

This matter is before the Court on Defendant Ahmed Osman Farah's *pro se* motion to appoint counsel and letter requesting reconsideration of his motion for compassionate release. (Dkts. 328, 329.)

In October 2020, Farah moved for release from custody based on his alleged vulnerability to COVID-19. He also sought the appointment of counsel to assist with his compassionate-release motion. The Office of the Federal Defender for the District of Minnesota investigated Farah's compassionate-release motion and, after reviewing the record in this case, notified the Court that it would not seek to supplement the record. In a March 1, 2021 Order, the Court observed that Farah had not provided any evidence, factual detail, legal authority or argument to support his motion, nor had Farah provided evidence that he sought a sentence reduction from the Federal Bureau of Prisons before filing his motion. Because Farah had not satisfied his burden to establish that his motion was properly before the Court or that his release from custody was warranted, the Court denied his motion, including his request for the appointment of counsel.

A party is not permitted to file a motion to reconsider without first obtaining the district court's permission based on a showing of "compelling circumstances." LR 7.1(j).[1] "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted). Because Farah is *pro se*, the Court construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Farah contends that his "underl[ying] medical conditions and [his] medical file from health partners clinics will prove that [he] qualif[ies] for compassionate release." Farah also represents that he has served nearly half of his sentence, has no prison infractions and is working and attending school while incarcerated. The Court commends Farah on his behavior and efforts to improve himself while incarcerated. But Farah has not demonstrated the compelling circumstances necessary to seek

---

[1]  Local Rule 7.1(j) appears in a section of the Local Rules applicable to "Civil Motion Practice," but Courts in this district have applied the same legal standard to reconsideration motions filed in criminal cases. *See, e.g.*, *United States v. Benjamin*, No. 11-cr-294 (RHK), 2017 WL 1067742, at *2 (D. Minn. Mar. 22, 2017). Although the Federal Rules of Criminal Procedure do not address motions for reconsideration, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

reconsideration, nor has he provided any evidence, factual detail, legal authority or argument establishing that compassionate release is warranted. As such, the Court denies Farah's request for reconsideration of his motion for compassionate release.

Farah also seeks the appointment of counsel to assist him with his request for compassionate release. Farah's "right to appointed counsel extends to [his] first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A defendant has no constitutional or statutory right to the assistance of appointed counsel when seeking a postconviction sentence reduction. *United States v. Meeks*, 971 F.3d 830, 833–34 (8th Cir. 2020). Because Farah has not demonstrated that the appointment of counsel is warranted in this case, his motion to appoint counsel is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Ahmed Osman Farah's motion to appoint counsel and request for reconsideration of his motion for compassionate release, (Dkts. 328, 329), are **DENIED**.

Dated: September 29, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge